IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WAYNE WRIGHT,

        Plaintiff,                    No. CIV S-08-0267 MCE GGH P

    vs.

McGUINNESS, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a county prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments shall be collected and

1

1   forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

2   account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3          The court is required to screen complaints brought by prisoners seeking relief

4   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8   U.S.C. § 1915A(b)(1),(2).

9          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15   Cir. 1989); Franklin, 745 F.2d at 1227.

16          A complaint must contain more than a "formulaic recitation of the elements of a

17   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

18   speculative level."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

19   "The pleading must contain something more...than...a statement of facts that merely creates a

20   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

21   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this

22   standard, the court must accept as true the allegations of the complaint in question, Hospital

23   Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

24   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.

25   McKeithen, 395 U.S. 411, 421 (1969).

26   /////

1    Plaintiff challenges conditions at the Sacramento County Jail.  He seeks injunctive

2 relief only.  Since filing this action, plaintiff has been transferred to the Glenn County Jail.

3    When an inmate seeks injunctive relief concerning an institution at which he is no

4 longer incarcerated, his claims for such relief become moot.  See  Sample v. Borg, 870 F.2d 563

5 (9th Cir. 1989); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986).  See also Reimers v.

6 Oregon, 863 F.2d 630, 632 (9th Cir. 1988).  Plaintiff's claims for injunctive relief are moot

7 because he is no longer housed at the Sacramento County Jail.  For this reason, the complaint is

8 dismissed with leave to amend.

9    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

10 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

11 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

12 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

13 there is some affirmative link or connection between a defendant's actions and the claimed

14 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

15 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

16 allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

17 of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

18    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

19 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

20 amended complaint be complete in itself without reference to any prior pleading.  This is

21 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

22 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

23 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

24 original complaint, each claim and the involvement of each defendant must be sufficiently

25 alleged.

26 /////

1    In accordance with the above, IT IS HEREBY ORDERED that:

2        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

3        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

4    The fee shall be collected and paid in accordance with this court's order to the Glenn County

5    Sheriff filed concurrently herewith.

6        3.  The complaint is dismissed for the reasons discussed above, with leave to file

7    an amended complaint within thirty days from the date of service of this order.  Failure to file an

8    amended complaint will result in a recommendation that the action be dismissed.

9    DATED:  04/16/08

                                            /s/ Gregory G. Hollows

10   _____

                                            UNITED STATES MAGISTRATE JUDGE

11

12

13   wright267.b

14

15

16

17

18

19

20

21

22

23

24

25

26